UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| RAYMOND DEAN ORDOUKHANIAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:21-CV-466 JAR |
| ) | |
| BRIAN R. SINCLAIR, ) | |
| ) | |
| Defendant. ) | |

### MEMORANDUM AND ORDER

This matter is before the Court upon the motion of plaintiff, an inmate at Potosi Correctional Center (PCC), for leave to commence this action without payment of the required filing fee. For the reasons stated below, the Court finds that the plaintiff does not have sufficient funds to pay the entire filing fee and will assess an initial partial filing fee of $121.00. *See* 28 U.S.C. § 1915(b)(1). Furthermore, after reviewing the complaint and the supplemental documents and motions[1], the Court will dismiss this action pursuant to 28 U.S.C. § 1915(e)(2)(B).

### 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20

---

[1]Plaintiff has filed two motions to introduce exhibits, motion to compel, and three motions for discovery. Also pending before the Court is plaintiff's motion for appointment of counsel and defendant Brian Sinclair's motion to dismiss this action. The Court will deny the pending motions without prejudice.

percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10.00, until the filing fee is fully paid. *Id.*

Plaintiff has submitted an affidavit and a certified copy of his prison account statement for the six-month period immediately preceding the submission of his complaint. A review of plaintiff's account indicates an average monthly deposit of $605.00. Plaintiff has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $121.00.

## Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim for relief under § 1983, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to, *inter alia*, draw upon judicial experience and common sense. *Id.* at 679.

Pro se complaints are to be liberally construed. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). However, they still must allege sufficient facts to support the claims alleged. *Stone v. Harry*, 364

F.3d 912, 914-15 (8th Cir. 2004); *see also Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980) (even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law). Federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint." *Stone*, 364 F.3d at 914-15. In addition, giving a pro se complaint the benefit of a liberal construction does not mean that procedural rules in ordinary civil litigation must be interpreted to excuse mistakes by those who proceed without counsel. *See McNeil v. U.S.*, 508 U.S. 106, 113 (1993).

### State Criminal Background

A criminal complaint was filed against plaintiff in Lincoln County, Missouri on May 29, 2014. *State v. Ordoukhanian*, No. 14L6-CR00475 (45th Judicial Circuit, Lincoln County Court). The complaint charged plaintiff with statutory rape in the first degree, sexual intercourse with a person less than 14 years old. A warrant was issued for plaintiff's arrest on May 29, 2014, and plaintiff was taken into custody on May 30, 2014. Plaintiff was represented by defendant, Brian Sinclair, from the outset of his criminal proceedings.

Plaintiff was found guilty of statutory rape in the first degree, sexual intercourse with a person less than 14 years old after a two-day jury trial that began on August 14, 2017. *State v. Ordoukhanian*, No. 14L6-CR00475-01 (45th Judicial Circuit, Lincoln County Court). Plaintiff was sentenced to life in prison on August 16, 2017. His conviction and sentence were affirmed on appeal on December 26, 2018. *State v. Ordoukhanian*, No. ED106056 (Mo.Ct.App. 2018).

Plaintiff filed a premature motion to vacate his sentence on November 14, 2017. *Ordoukhanian v. State,* No. 17L6-CC00144 (45th Judicial Circuit, Lincoln County Circuit Court).

Counsel for plaintiff filed an amended motion to vacate on April 16, 2019, and the matter is currently pending review by the Circuit Court.[2] *Id.*

## The Complaint

Plaintiff is an inmate at the Potosi Correctional Center. He brings this action pursuant to 42 U.S.C. §§ 1983, 1985 and 1988[3] against defendant Brian Sinclair, plaintiff's state court criminal defense attorney. Plaintiff claims that he is suing defendant Sinclair in his "individual and official" capacities.

Plaintiff's complaint is eighty-eight (88) pages, the majority of which is type-written and attached to the Court's complaint-form. Plaintiff alleges that defendant Sinclair violated his rights under the Fourth, Fifth, Sixth and Fourteenth Amendments of the United States Constitution.

The entirety of plaintiff's complaint contains claims that defendant Brian Sinclair, his defense counsel in his criminal action in state court, conspired with state officials to conceal and manipulate evidence during plaintiff's criminal trial. Although plaintiff's claims are large in breadth, his assertions are often difficult to discern. Nonetheless, plaintiff's conclusion in his complaint is that defendant Sinclair's collusion with prosecutors ultimately lead to his conviction for the offenses of which he was charged.

Plaintiff asserts, for example, that defendant Sinclair colluded with prosecutors to assist with witnesses perjuring themselves on the stand at his trial. Additionally, he claims that his counsel was ineffective for failing to object to a violation of his Miranda rights at trial when he failed to cross-examine the interrogating detective or file a motion to suppress. Plaintiff also complains that defendant Sinclair failed to have his wife, Monica Ordoukhanian, testify at trial on

---

[2]Plaintiff filed a motion to dismiss his appointed counsel on July 22, 2021. Counsel withdrew from representing plaintiff on August 3, 2021.
[3]Title 42 U.S.C. § 1988 allows an attorney's fee award to prevailing parties in a civil rights lawsuit filed pursuant to 42 U.S.C. § 1983. *Fox v. Vice,* 563 U.S. 826, 833 (2011).

4

his behalf, or cross examine her as to motive. Plaintiff additionally asserts that defendant Sinclair "allowed" the State of Missouri to show the jury an edited child assessment video of the victim. Last, plaintiff claims that his attorney colluded with the State to conceal Detective McCarrick's illegal seizure of his iPhone and arrest, as well as assisted the State to fabricate a false child porn image.

Plaintiff seeks compensatory and punitive damages in this action.

## Discussion

### A. Plaintiff's Claims Brought Pursuant to 42 U.S.C. § 1983

In *Heck v. Humphrey*, the Supreme Court faced the issue of whether a state prisoner could challenge the constitutionality of his criminal conviction in a suit for damages under § 1983. *Heck v. Humphrey*, 512 U.S. 477, 478 (1994). The Court determined that the plaintiff's § 1983 action for damages was not cognizable. *Id.* at 483. In doing so, the Court noted that a § 1983 action was not the appropriate vehicle for challenging criminal judgments. *Id.* at 486.

[I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus…A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. *Id.* at 487-88. Thus, when a state prisoner seeks damages pursuant to § 1983, the Court must consider whether a judgment for the plaintiff would "necessarily imply the invalidity of his conviction or sentence." *Id.* at 488. If it would, the Court must dismiss the complaint unless the plaintiff can show that the conviction or sentence has already

been invalidated. *Id. See also Edwards v. Balisok*, 520 U.S. 641, 648 (1997) (concluding that state prisoner's "claim for declaratory relief and money damages based on allegations of deceit and bias on the part of the decisionmaker that necessarily imply the invalidity of the punishment imposed, is not cognizable under § 1983"); and *Sheldon v. Hundley*, 83 F.3d 231, 233 (8th Cir. 1996) (discussing application of *Heck* rule in § 1983 cases).

In this action, plaintiff alleges that defendant Sinclair conspired with various state actors to conceal and manipulate evidence during plaintiff's criminal trial, which lead to plaintiff's conviction and prison sentence. *Heck* bars plaintiff's claims against defendant Sinclair because plaintiff's conviction and sentence has not been overturned or invalidated. As such, his claims against defendant are subject to dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B).

**B. Plaintiff's Claims Brought Pursuant to 42 U.S.C. § 1985**

Title 42 U.S.C. § 1985 concerns conspiracies to interfere with civil rights. Although plaintiff does not specify under which subsection of § 1985 he is proceeding, the Court will liberally construe the allegations under § 1985(3), which provides in pertinent part:

> If two or more persons . . . conspire . . . for the purposes of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws . . . the party so injured or deprived may have an action for the recovery of damages occasioned by such injury or deprivation, against any one or more of the conspirators.

Thus, to state a claim under § 1985(3), a plaintiff must establish that (1) he is a member of a class suffering from invidious discrimination; and (2) defendants' actions were motivated by racial animus or some other type of class-based discrimination. *United Bhd. of Carpenters, Local 610 v. Scott,* 463 U.S. 825, 834-39 (1983); *Griffin v. Breckenridge,* 403 U.S. 88, 102-03 (1971) (plaintiff must allege these two elements to state § 1985(3) claim). In the instant action, nothing in the complaint indicates that plaintiff is a member of a protected class, or that defendant was

6

motivated by purposeful discrimination. As such, plaintiff's § 1985(3) claims will be dismissed as legally frivolous.

Instead, plaintiff offers only his own speculation, supported by a conclusory statement, that defendant Sinclair conspired with the State and the prosecutors involved in his criminal action to have him convicted of the criminal charges for which he was charged. This Court is not bound to accept as true a conclusory statement couched as a factual allegation. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted). *McCalden v. California Library Assoc.*, 955 F.2d 1214, 1223 (9th Cir.1990) (where no action lies under § 1985(3), no action can lie under § 1986).

Further, "[a] conspiracy claim ... requires allegations of specific facts tending to show a 'meeting of the minds' among the alleged conspirators." *Murray v. Lene,* 595 F.3d 868, 870 (8th Cir.2010); *Rogers v. Bruntrager,* 841 F.2d 853, 856 (8th Cir.1988); *Brown v. Dills,* No. 05–4414–CV–C–NKL, 2007 WL 148851, at *3 (W.D.Mo. Jan. 12, 2007). "[T]he plaintiff must allege with particularity and specifically demonstrate with material facts that the defendants reached an agreement." *Davis v. Jefferson Hosp. Association,* 685 F.3d 675, 684 (8th. Cir. 2012). "Conclusory allegations of conspiracy fail to state a claim." *Brown v. Dills*, 2007 WL 148851, at *3 (W.D. Mo. Jan. 12, 2007) (citing *Snelling v. Westhoff,* 972 F.2d 199, 200 (8th Cir.1992)); *see, e.g., Quintero Cmty. Ass'n Inc. v. F.D.I.C.,* 792 F.3d 1002, 1011 (8th Cir.2015) (holding that "conclusory and speculative assertions that an agreement existed between the [defendants] to accomplish vaguely pleaded torts" was insufficient to support a civil conspiracy claim).

For the aforementioned reasons, plaintiff's conspiracy claims brought pursuant to 42 U.S.C. § 1985(3) are subject to dismissal.

### C. The Court Will Decline to Exercise Jurisdiction Over Any State Law Claims

Plaintiff identifies no other potential federal claim, nor can the Court conceive of any such claim based upon the allegations in the complaint. The Court will therefore dismiss this action at this time without prejudice and will decline to exercise supplemental jurisdiction over any state law tort claims plaintiff may be understood to bring. *See* 28 U.S.C. § 1367(c)(3); *United Mine Workers v. Gibbs,* 383 U.S 715, 726 (1966) (if federal claims are dismissed before trial, remaining state claims should also be dismissed); *Crest Construction II, Inc. v. Doe,* 660 F.3d 346, 359 (8th Cir. 2011) (where all federal claims have been dismissed, district court's decision to decline supplemental jurisdiction over state claims is "purely discretionary").

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis [ECF. No. 2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial filing fee of $121.00 within twenty-one (21) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B).

**IT IS FURTHER ORDERED** that plaintiff's motions to compel, to introduce exhibits, and for discovery [ECF. Nos. 6, 7, 15, 16, 18 and 20] are **DENIED**.

**IT IS FURTHER ORDERED** that defendant's motion to dismiss [ECF No. 14] is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel [ECF. No. 3] is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that the Court declines to exercise supplemental jurisdiction over any remaining state law claims. *See* 28 U.S.C. § 1367(c).

**IT IS FURTHER ORDERED** that an appeal from this Memorandum and Order and accompanying Order of Dismissal would not be taken in good faith.

A separate Order of Dismissal shall accompany this Memorandum and Order.

Dated this 13th day of December, 2021.

_____
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE